# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| | : | No. 1:04-cr-0131 |
| v. | : | |
| | : | (Judge Kane) |
| | : | |
| PHILIP WALKER | : | |
| | : | |

## MEMORANDUM

Before the Court is Petitioner Philip Walker ("Petitioner" or "Walker")'s Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 in the above-captioned case. (Doc. No. 255.) For the reasons that follow, the Court will deny the motion.

## I. BACKGROUND

On April 7, 2004, Petitioner was indicted by a grand jury on seven counts, including: possessing, carrying, and using a firearm during and in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c) (Counts 1, 3, and 6); carjacking in violation of 18 U.S.C. § 2119 (Counts 2, 4, and 7); and conspiracy in violation of 18 U.S.C. § 924(o) (Count 5). (Doc. No. 1.)[1] Ultimately, on November 15, 2004, Petitioner pled guilty to possessing, carrying, and using a firearm during and in relation to a crime of violence (carjacking) in violation of 18 U.S.C. § 924(c) (Count 1), and two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts 4 and 7). (Doc. No. 108.) A Presentence Report ("PSR") determined that Petitioner's sentencing guidelines range on the carjacking counts was 235 to 293 months based on an offense level of 34 and a criminal history category of V. (PSR ¶ 183.) Because he was convicted of

---

[1] The Government subsequently filed a First Superseding Indictment (Doc. No. 46), alleging the same counts against Petitioner.

violating 18 U.S.C. § 924(c), Petitioner faced a mandatory minimum term of 60 months' imprisonment to be served consecutively to his sentence on the other counts.

The Court granted a downward departure and sentenced Petitioner to 180 months' imprisonment on March 14, 2005. (Doc. No. 133.) His sentence consisted of 120 months on counts four and seven to be served concurrently, and a term of 60 months on count one (the charge of violating 18 U.S.C. § 924(c)), to be served consecutively to the other counts.

Petitioner filed the instant motion to correct sentence (Doc. No. 255), arguing that his consecutive 60 month sentence based on 18 U.S.C. § 924(c) violates due process and should be vacated, in reliance on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[2] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague. Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner. (Doc. No. 256.)

Subsequently, the Court granted the Government's unopposed motion to stay consideration of Petitioner's motion until the Third Circuit's issuance of a decision in a separate case with the potential to impact Petitioner's arguments. (Doc. No. 265.) After the Third Circuit issued that decision, the Court lifted the stay and directed the Government to respond to Petitioner's motion. (Doc. No. 269.) The Government filed its brief in opposition to Petitioner's

---

[2] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

motion (Doc. No. 270), and Petitioner filed a brief in reply (Doc. No. 271). Petitioner subsequently filed a Motion to Stay Case pending the Supreme Court's decision on petitions for writ of certiorari filed in connection with two Third Circuit cases with the potential to impact Petitioner's arguments. (Doc. No. 272.) The Court granted the motion. (Doc. No. 273.) On January 19, 2018, Petitioner filed a Notice indicating that the Supreme Court denied those petitions for certiorari. (Doc. No. 274.) Petitioner's motion to correct sentence under 28 U.S.C. § 2255 is, therefore, ripe for decision.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).

As noted above, Petitioner seeks to vacate his Section 924(c) conviction and consecutive mandatory minimum sentence based on Johnson. Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, or brandishes a firearm "during and in relation to any crime of violence." See 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." See 18 U.S.C. § 924(c)(3). Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of

3

Section 924(c)(3) as the "residual clause." See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e). The ACCA provides for a mandatory minimum sentence of 15 years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug offenses." See 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as including three categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause refers to crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." See id. The Supreme Court's decision in Johnson invalidating this clause as unconstitutionally vague gave rise to additional constitutional challenges to similar residual clauses. See Beckles v. United States, 137 S. Ct. 886 (2017) (rejecting a vagueness challenge to the residual clause of the United States Sentencing Guidelines' career offender definition); Sessions v. Dimaya, 139 S. Ct. 1204 (2018) (applying Johnson and finding unconstitutionally vague the residual clause of the federal criminal code's definition of crime of violence). Finally, this past term, the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), specifically to consider the question presented by Petitioner in his motion – whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague. On June 24, 2019, the Supreme Court issued its decision in Davis, extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause

4

unconstitutionally vague.[3]

However, regardless of Davis's implications for Petitioner's challenge to Section 924(c)(3)'s residual clause, Petitioner's challenge to his consecutive sentence imposed pursuant to Section 924(c) fails because Petitioner's conviction for carjacking constitutes a crime of violence under Section 924(c)(3)'s "elements clause." Although the Third Circuit has not addressed this precise issue, numerous other circuit courts have held that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under Section 924(c)'s elements clause. See United States v. Jackson, 918 F.3d 467, 486 (6th Cir. 2019) (following the First, Fourth and Fifth Circuits and holding that carjacking by "intimidation" necessarily involves the threatened use of violent physical force, and, therefore, constitutes a crime of violence under Section 924(c)(3)'s elements clause); United States v. Cruz-Rivera, 904 F.3d 63 (1st Cir. 2018) (same); United States v. Evans, 848 F.3d 242 (4th Cir.), cert. denied, 137 S. Ct. 2253 (2017) (same); United States v. Jones, 854 F.3d 737 (5th Cir.), cert. denied, 138 S. Ct. 242 (2017) (same); see also Craig v. United States, 703 F. App'x 798, 802 (11th Cir. 2017) (reaffirming its earlier holding in In re Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016), that "an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking

---

[3] The Supreme Court in Davis did not expressly state that its holding in the case applies retroactively to cases on collateral review. However, the Third Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, Nos. 16-2027, 16-2080, 16-2273, 16-2312, 16-2414, 16-2422, __ F.3d __ (3d Cir. Aug. 14, 2019); see also In re Hammond, No. 19012458-G, __ F.3d __ (11th Cir. July 23, 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

5

statute does, satisfies the [elements] clause of § 924(c)"). The Sixth Circuit in Jackson noted that in making this finding, the various Circuit Courts relied on precedent from their respective circuits holding that bank robbery in violation of 18 U.S.C. § 2113, which required robbery to be committed "by force and violence, or by intimidation," constitutes a crime of violence under Section 924(c)'s elements clause. See Jackson, 918 F.3d at 485. In Jackson, the Sixth Circuit noted (as did the other circuit courts in their respective decisions) that the language of Section 2119's carjacking statute is "substantively identical" to that of Section 2113's bank robbery statute. See id.

The Court notes that the Third Circuit has recently held that "[u]narmed bank robbery by intimidation clearly does involve the 'threatened use of physical force against the person of another.'" See United States v. Wilson, 880 F.3d 80 (3d Cir. 2018) (holding that unarmed bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under the elements clause of the career offender Sentencing Guidelines). In reliance on that decision, the Third Circuit also recently held that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) constitutes a crime of violence for purposes of Section 924(c)'s elements clause. See United States v. Johnson, 899 F.3d 191, 202-04 (3d Cir. 2018).[4] Accordingly, upon review of relevant authority from other circuits, and in light of the Third Circuit's recent holding that bank robbery in violation of Section 2113(a) or (d) constitutes a crime of violence under Section 924(c)(3)'s elements clause, the Court concludes that carjacking in violation of 18 U.S.C. § 2119 is a crime

---

[4] At the time, having found that a conviction under either Section 2113(a) or 2113(d) qualifies as a crime of violence under the elements clause of Section 924(c)(3), the Third Circuit declined to address the defendant's constitutional challenge to the residual clause of Section 924(c)(3). See id. at 203.

6

of violence under Section 924(c)(3)'s elements clause. Because Petitioner was convicted of carjacking in violation of Section 2119, his conviction qualifies as a crime of violence under the elements clause of Section 924(c)(3), and he is, therefore, not entitled to relief.

## III.     CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA, therefore, will not issue in this case.

## IV.     CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Johnson, and, therefore, the Court will deny his Section 2255 motion. An Order consistent with this Memorandum follows.